53 P.3d 1227

STATE of Idaho, Plaintiff–Respondent,

v.

Harvey R. WARDLE, Jr., Defendant–Appellant.

No. 27297.

Court of Appeals of Idaho.

July 3, 2002.

Randall D. Schulthies, Pocatello, for appellant. Kent V. Reynolds argued.

Hon. Alan G. Lance, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

LANSING, Judge.

Harvey Wardle, Jr. appeals from the denial of two motions to remove certain conditions of his probation. Because the conditions are reasonably related to the purposes of probation, we affirm.

## I.

### BACKGROUND

Harvey Wardle, Jr. was charged with sexual abuse of a minor, Idaho Code § 18–1506.[1] According to the twelve-year-old victim, D.W., Wardle held D.W. on his lap and, while showing her pornography on a computer, placed his hand over her vaginal area outside

---

1. Idaho Code § 18–1506(1) provides in part:

It is a felony for any person eighteen (18) years of age or older, with the intent to gratify the lust, passions, or sexual desire of the actor, minor child or third party, to:

. . . .

(b) cause or have sexual contact with such minor child, not amounting to lewd conduct as defined in section 18–1508, Idaho Code.

her clothing. D.W. said that this occurred several times over the course of three to four weeks while Wardle was babysitting D.W. and her siblings. Wardle acknowledged to police that he had held children on his lap while showing them things on the computer, and that he might have touched children in the groin area while catching them if they slid off his lap, but he denied any fondling. During his jury trial, Wardle testified and denied ever touching D.W. in a sexual way or ever displaying pornography where children could see it.

The jury was instructed on the charged offense of sexual abuse of a minor and the lesser included offense of misdemeanor battery, I.C. § 18–903(b).[2] They returned a verdict acquitting Wardle of sexual abuse but finding him guilty of battery. The district court imposed a sentence of 180 days incarceration in the county jail but suspended the sentence and placed Wardle on probation. The conditions of his probation included requirements that he remove all computers from his home, completely abstain from alcohol, submit to such counseling as might be ordered by his probation officer, and pay $1,000 in restitution for counseling for D.W.

Wardle filed two motions seeking modification of the conditions of his probation. He objected to several of the probation terms, including the prohibitions against use of computers or alcohol, the requirement that he submit to counseling, and the requirement that he pay restitution for D.W.'s counseling. The district court granted certain modifications requested by Wardle but declined to remove the foregoing probation conditions. Wardle now appeals from the orders denying his challenges to these probation terms.

## II.

## ANALYSIS

■ The goal of probation is to foster the defendant's rehabilitation while protecting public safety. *State v. Gawron,* 112 Idaho 841, 843, 736 P.2d 1295, 1297 (1987); *State v. Breeden,* 129 Idaho 813, 816, 932 P.2d 936, 939 (Ct.App.1997); *State v. Josephson,* 125

Idaho 119, 123, 867 P.2d 993, 997 (Ct.App. 1993). Toward that end, a trial court is authorized to make probation subject to "such terms and conditions as it deems necessary and expedient." I.C. § 19–2601(2). Although trial courts have broad discretion in the imposition of restrictive terms, the conditions of probation must be reasonably related to the rehabilitative and public safety goals of probation. *Gawron,* 112 Idaho at 843, 736 P.2d at 1297; *State v. Mummert,* 98 Idaho 452, 454, 566 P.2d 1110, 1112 (1977); *Breeden,* 129 Idaho at 816, 932 P.2d at 939. Whether the terms and conditions of a defendant's probation are reasonably related to the goals of probation is a legal question over which we exercise free review. *State v. Jones,* 123 Idaho 315, 318, 847 P.2d 1176, 1179 (Ct.App.1993).

■ Wardle asserts that the requirement that he remove all computers from his household is unreasonable and immaterial to his rehabilitation because it relates only to the sexual abuse charge, of which he was acquitted. Because the jury found him not guilty of sexual abuse, Wardle argues, the determination that he is guilty of battery must have been based upon Wardle's own depiction of the touching, which did not include any viewing of pornography on the computer.

We are not persuaded. It is not possible to discern from the verdict precisely what evidence the jury did or did not believe. However, it can be said that if the jury believed Wardle's version in its entirety, he would have been found guilty of no offense at all. The jury's apparent finding that the prosecution had not proved sexual intent does not establish that the jury rejected D.W.'s version of how the battery physically occurred. Moreover, both D.W.'s and Wardle's versions included Wardle's use of the computer when the offensive contact took place. We therefore conclude that the requirement that Wardle not possess computers in his home is reasonably related to the offense of which he was found guilty and to the prevention of reoffense.

---

**2.** Idaho Code § 18–903(b) defines battery as "actual, intentional and unlawful touching or strik-

ing of another person against the will of the other."

Wardle also contends that the ban on alcohol consumption is arbitrary and unrelated to his rehabilitation because there was no evidence that alcohol use played a role in the crime or that he is an alcohol abuser. We agree that the record presents no reason to believe that alcohol was a factor in Wardle's offense, but it does not follow that a restriction on alcohol use is impermissible. It is universally recognized that alcohol consumption reduces inhibitions and impairs judgment and consequently is frequently connected to criminal behavior. Wardle has been convicted of a crime that, at the very least, involved poor judgment in his behavior with a child. Abstinence from alcohol consumption is reasonably calculated to aid in preventing a recurrence of this criminal behavior.

Wardle next challenges the requirement that he pay restitution for D.W.'s counseling as a condition of his probation. He argues that this probation term was predicated upon an assumption that he had sexually abused D.W. despite his acquittal of that charge. Any requirement of counseling for the victim, he asserts, is not related to the offense for which he was convicted.

We have said, "A restitution requirement facilitates rehabilitation by confronting the defendant with the consequences of his or her criminal conduct and forcing the defendant to accept financial responsibility for the resulting harm. Restitution orders also promote public safety by exacting a 'price' for the crime, which may deter the defendant and others from such offenses." *Breeden,* 129 Idaho at 816, 932 P.2d at 939. As this statement indicates, restitution must be directed toward correcting a harm or paying a cost that results from the defendant's crime. Therefore, restitution for victim counseling that was not caused by the defendant's crime would be impermissible. Application of that principle does not, however, lead to the conclusion urged by Wardle, that he can bear no responsibility for the cost of D.W.'s counseling. Even if there was no sexual intent in Wardle's unwanted touching of D.W., as the jury apparently found, the district court still could find that D.W. suffered emotional or behavioral problems as a

consequence of Wardle's actions. Therefore, we do not find error in the district court's requirement that Wardle pay restitution for counseling that D.W. needed as a consequence of the crime.

Lastly, Wardle objects to the probation term requiring that he undertake any counseling that may be recommended or required by his probation officer. The district court clarified this term by specifying that Wardle may not be required to undergo sex offender counseling, but Wardle contends that the term remains unjustified because the court lacked any reasonable basis in the evidence to find Wardle in need of counseling of any nature.

Trial courts frequently require as a condition of probation that the probationer undergo such counseling as may be ordered by the probation officer. Such a term gives the officer the ability to tailor any counseling directives to the particular emotional or behavioral problems that may become apparent from the officer's observation of the defendant throughout the probation period. This sort of probation condition reflects the trial court's recognition that the probation officer will have far more contact with the defendant and a better opportunity to evaluate the defendant's counseling needs than the trial court would possess at the time of sentencing. This authority in the hands of the probation officer can be a valuable tool in furthering a defendant's rehabilitation. Although this term may appear to give unfettered discretion to the probation officer, the exercise of that discretion is always subject to review by the sentencing court, for a defendant may file a motion asking the court to countermand a probation officer's counseling requirement if the defendant believes it to be unwarranted. *See* I.C. § 20-221 (trial court may modify conditions of probation at any time). *State v. Oyler,* 92 Idaho 43, 47, 436 P.2d 709, 713 (1968); *State v. Williams,* 126 Idaho 39, 44, 878 P.2d 213, 218 (Ct.App.1994).

In the present case, Wardle's contention that he may be required to submit to unnecessary counseling is premature. The record does not indicate that Wardle has actually been ordered to undergo counseling of any

sort. If and when Wardle's probation officer orders counseling, and if Wardle believes the requirement to be unreasonable, he may at that time file an objection with the trial court. The trial court will then have an opportunity to determine whether the counseling is reasonably related to Wardle's rehabilitation. In the present appeal, we will not attempt to assess the appropriateness of counseling that Wardle may never be ordered to undertake.

## III.

### CONCLUSION

We conclude that the challenged conditions of Wardle's probation are reasonably calculated to advance Wardle's rehabilitation and prevent reoffense. Therefore, the trial court's orders denying Wardle's objections to these probation terms are affirmed.

Chief Judge PERRY and Judge Pro Tem STICKLEN, concur.