DA 07-0515

FILED

August 4 2008

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2008 MT 265

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

DAVID K. KRUEGER,

      Defendant and Appellant.

APPEAL FROM: District Court of the Twenty-Second Judicial District,
In and For the County of Stillwater, Cause No. DC 05-21
Honorable Blair Jones, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Vernon E. Woodward; Hendrickson, Everson, Noenning
& Woodward, Billings, Montana

      For Appellee:

            Hon. Mike McGrath, Montana Attorney General; Mark W. Mattioli,
Assistant Attorney General, Helena, Montana

            John I. Petak, III; Stillwater County Attorney, Columbus, Montana

            A. W. Kendall; Attorney at Law, Red Lodge, Montana

Submitted on Briefs: June 18, 2008

Decided: August 4, 2008

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1     David K. Krueger appeals from the judgment and sentence entered by the Twenty-Second Judicial District Court, Stillwater County, on his guilty plea to the offense of felony sexual assault. The sole issue he raises on appeal is whether the District Court erred in imposing condition of probation 12, which prohibits him from possessing or consuming alcohol, prohibits his entry into places where alcohol is the chief item for sale and requires testing for alcohol as requested by his probation officer. We reverse.

## BACKGROUND

¶2     As part of a plea agreement with the State of Montana, Krueger agreed to plead guilty to the offense of felony sexual assault. In exchange, the State agreed to dismiss charges of indecent exposure, and to recommend a 10-year sentence to the Montana State Prison with all time suspended. The District Court accepted the guilty plea and ordered a presentence investigation (PSI).

¶3     The District Court subsequently scheduled a sentencing hearing and Krueger filed objections to some of the 44 conditions of probation recommended in the PSI. The court and counsel discussed Krueger's objections during the hearing, including his "lack of nexus" objection to the proposed alcohol-related condition number 12.

¶4     The District Court sentenced Krueger, including condition number 12, and entered judgment. It also filed a Memorandum in Support of Sentence Imposed. Krueger appeals from the imposition of condition 12.

## STANDARD OF REVIEW

2

¶5 In *State v. Ashby*, 2008 MT 83, 342 Mont. 187, 179 P.3d 1164, we set forth a new standard of review of challenged probation conditions. "We will first review a sentencing condition for legality." *Ashby*, ¶ 9. If the challenged condition is illegal, we will reverse it. If the condition is legal, we will review it for an abuse of discretion, determining whether it constitutes a reasonable restriction considered necessary for the rehabilitation of the defendant or for protecting the victim or society. *See Ashby*, ¶ 9; *State v. Herd*, 2004 MT 85, ¶¶ 18-23, 320 Mont. 490, ¶¶ 18-23, 87 P.3d 1017, ¶¶ 18-23.

## DISCUSSION

¶6 Did the District Court err in imposing the alcohol-related probation condition 12?

¶7 In the present case, nothing of record ties alcohol use to the sexual assault offense. In addition, Krueger's history and experience with alcohol is mentioned in only one portion of the PSI. He reported tasting alcohol at age 6, when offered it by a friend's brother. Krueger's current use of alcohol was reported to be "3 bottles in 2 weeks." The PSI preparer observed that Krueger reported to the psychosexual evaluator that he is "not much of a drinker, never a problem[.]"

¶8 In *Ashby*, we expanded our earlier jurisprudential rule which required probation conditions to have a nexus to the offense. We determined that a condition must have a nexus to either the offense or the particular offender. *Ashby*, ¶¶ 14-15 (citations omitted). We cautioned, however, that a sentencing court may impose offender-related conditions only where the "history or pattern of conduct to be restricted is recent, and significant or chronic."

3

A passing instance of behavior or conduct will not suffice "to support a restrictive probation condition imposed in the name of offender rehabilitation." *Ashby*, ¶ 15.

¶9      In *Ashby*, the defendant did not use alcohol during commission of the offense and his PSI revealed no history of alcohol abuse. Nor did the sentence state any facts supporting an alcohol restriction. *Ashby*, ¶ 16. Rejecting numerous arguments from the State regarding why the alcohol prohibition should be retained as part of the sentence, we discerned no offense or offender nexus supporting an alcohol prohibition and, consequently, concluded the sentencing court could not "rehabilitate" a non-existing problem. We reversed the alcohol-related condition. *Ashby*, ¶ 19.

¶10     Here, the record supports the same result. As set forth above, the record before us is devoid of any indication that alcohol was related to the sexual assault offense or that the offense occurred at a time when Krueger had been drinking. Nor does the record indicate any history of alcohol abuse by Krueger.

¶11     We turn, then, to the District Court's memorandum in support of its imposition of condition 12 and the State's arguments on appeal, observing that neither the sentencing court nor the State had the benefit of our decision in *Ashby* at the time of the events at issue here. The District Court's memorandum concedes that the State presented no evidence that alcohol contributed to the sexual offense to which Krueger pled guilty. Under *Ashby*, this concession constitutes a determination that no "offense nexus" existed. The memorandum does not even suggest that Krueger has a history of alcohol abuse and, indeed, the record does not reflect such a history. As in *Ashby*, we discern no "offender nexus."

4

¶12 The District Court's rationale is based on the fact that this case involved a sexual offense against a minor child. The court explained that it imposed the alcohol-related restriction because it recognized 1) the "moral bankruptcy" of Krueger's actions; 2) the "absolute lack of any semblance of sound judgment" in committing the offense; and 3) the psychosexual evaluator's assessment that Krueger's insight is poor and his judgment only fair. It went on to discuss the disinhibiting nature of alcohol and the necessity of discouraging recidivism by sexual offenders. At the bottom line, the District Court determined that, "[i]n sentencing sexual offenders, imposing a restriction which seeks to preserve sound judgment and appropriate boundaries facilitates rehabilitation, reduces recidivism, and protects the victim and society."

¶13 We appreciate the District Court's sensitivities to the nature of the offense in this case, and we understand its outrage. We conclude, however, that the District Court has failed to establish a nexus between any of Krueger's personality traits and a use of alcohol by him. Certainly, many criminal offenders may be morally deficient, lacking in insight and sound judgment. Indeed, many non-offenders no doubt share the same deficiencies. Here, Krueger had no history of alcohol abuse and alcohol was neither part of nor contributed to the offense to which he pled guilty. Krueger had no prior criminal record except for a reckless driving offense a number of years earlier. "Fixing" a non-existent problem does not contribute to an offender's rehabilitation. It also does not protect either the victim or society.

¶14 Finally, we address the State's arguments in support of the alcohol-related probation condition. First, the State contends "[i]t does not require citations to legal authorities or

peer-reviewed articles for sentencing courts to appreciate that a person who has the potentiality for sexually offending against girls as young as 10 years of age should not be permitted to use alcohol[.]" While many Montanans might well agree that such a person should not be permitted to use alcohol—or, indeed, that no person should be permitted to use alcohol—the State is well aware that it must support its arguments with legal authorities. *See* M. R. App. P. 12(1)(f).

¶15     The State does advance a number of United States Supreme Court decisions which observe that the recidivism rate of probationers is higher than the general crime rate; probationers are more likely than ordinary citizens to violate the law; sex offenders are a serious threat to this country; and the recidivism rate posed by sex offenders is high and frightening. These observations are likely true. They do not, however, create a nexus between an alcohol-related probation restriction and the offense committed in the present case; they also do not create a nexus between Krueger and an alcohol use problem. *Ashby* requires that one such nexus be established. *Ashby*, ¶ 19.

¶16     Finally, the State advances *State v. Wardle*, 53 P.3d 1227, 1230 (Idaho App. 2002), in which the intermediate Idaho appellate court determined that "[a]bstinence from alcohol consumption is reasonably calculated to aid in preventing a recurrence of this criminal behavior [involving poor judgment regarding a child]." We observe that the Idaho court also observed that the record there presented no reason to believe that alcohol was a factor in the offense. *Wardle*, 53 P.3d at 1230. Unlike the apparent situation in Idaho, our jurisprudence

requires a nexus between an alcohol-related restriction and either the offense or the offender. Consequently, *Wardle* is not persuasive.

¶17    We hold that the District Court erred in imposing the alcohol-related probation condition and remand for the sole purpose of striking that condition from Krueger's sentence.

¶18    Reversed.

/S/ KARLA M. GRAY

We concur:

/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE
/S/ JOHN WARNER