**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 36697**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 474 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: May 19, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JOHN LEE GIBBS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Peter D. McDermott, District Judge.

Judgment of conviction and unified sentence of five years, with a minimum period of confinement of two years, for failure to register as a sex offender; order denying motion to modify the term of probation, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Mark J. Ackley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Chief Judge; GUTIERREZ, Judge;
and GRATTON, Judge

_____

PER CURIAM

John Lee Gibbs pled guilty to failure to register as a sex offender. Idaho Code § 18-8307. The district court sentenced Gibbs to a unified term of five years, with a minimum period of confinement of two years, suspended the sentence and placed Gibbs on supervised probation for four years. Gibbs filed a motion to modify the term of his probation from four years to two years. The district court denied the motion. Gibbs appeals asserting that the district court abused its discretion by imposing an excessive sentence and by denying his motion to modify the term of his probation.

1

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Trial courts have broad discretion in deciding the terms of probation as long as the terms are "reasonably related to the rehabilitative and public safety goals of probation." *State v. Wardle*, 137 Idaho 808, 810, 53 P.3d 1227, 1229 (Ct. App. 2002). Whether the terms and conditions are reasonably related to the goals of probation is reviewed de novo. "The goal of probation is to foster the defendant's rehabilitation while protecting public safety." *Id*.

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in imposing sentence or denying Gibbs' motion to modify the term of his probation. Therefore, Gibbs' judgment of conviction and sentence and the order denying Gibbs' motion to modify the term of his probation are affirmed.