**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 37452**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2011 Unpublished Opinion No. 373 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: March 1, 2011 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| BRIAN ROBERT GOUGH, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Thomas F. Neville, District Judge.

Judgment of conviction and suspended unified sentence of ten years, with a minimum period of confinement of three years, for felony driving under the influence, affirmed.

Molly J. Huskey, State Appellate Public Defender; Diane M. Walker, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and MELANSON, Judge

_____

PER CURIAM

Pursuant to a plea agreement, Brian Robert Gough pled guilty to felony driving under the influence. I.C. § 18-8004, 18-8005(6). The district court sentenced Gough to a unified term of ten years, with a minimum period of confinement of three years.[1] The district court suspended the sentence and placed Gough on probation. Gough appeals, arguing that his sentence is excessive and that the terms of his probation are unreasonable.

_____

[1] Gough also pled guilty and was sentenced for a misdemeanor. However, that judgment of conviction and sentence are not challenged on appeal.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that Gough's sentence is excessive.

Probation terms are required to be reasonably related to the rehabilitative and public safety goals. *See State v. Wardle,* 137 Idaho 808, 810, 53 P.3d 1227, 1229 (Ct. App. 2002). Here, Gough was ordered, as conditions of his probation, to attend five AA/NA meetings per week, payment of court fines and restitution, a suspension of Gough's driver's license, and that Gough obtain full-time employment. Gough argues that, although the terms themselves appear to be reasonable, the totality of the terms reduce his chances of successful rehabilitation. Having considered the record, we conclude Gough has failed to demonstrate that the terms of his probation are unreasonable.

Therefore, Gough's judgment of conviction and sentence, as well as the terms of probation, are affirmed.