**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 37971**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2011 Unpublished Opinion No. 703 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: November 15, 2011 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JOHN LEE GIBBS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

Order denying motion to modify terms and conditions of probation, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and MELANSON, Judge

_____

PER CURIAM

John Lee Gibbs pled guilty to failure to register as a sex offender. Idaho Code § 18-8307. The district court sentenced Gibbs to a unified term of five years, with a minimum period of confinement of two years, suspended the sentence, and placed Gibbs on supervised probation for four years. Gibbs filed a motion to modify the terms of his probation from four years to two years. The district court denied the motion and this Court affirmed the judgment of conviction and the district court's order denying Gibbs' motion to modify terms of his probation. *State v. Gibbs*, Docket No. 36697 (Ct. App. May 19, 2010) (unpublished).

Gibbs admitted to probation violations and the district court, consequently, revoked his probation, ordered the underlying sentence executed, and retained jurisdiction. Following the period of retained jurisdiction, the district court suspended Gibbs' sentence and placed him on

1

supervised probation for four years. Gibbs filed a motion to modify terms and conditions of his probation, which the district court denied. Gibbs timely appealed.

Gibbs claims that the district court abused its discretion by denying his motion to modify the terms and conditions of his probation. Specifically, Gibbs contends that when initially placed on probation, he was on non-sex offender probation but, after violating probation for a non-sexual offense, completing a rider, and being again placed on probation, he was placed into sex offender probation. He asserts that sex offender treatment is not reasonably related to the goals of probation and that the district court abused its discretion by denying his motion and refusing to remove him from sex offender probation.

Trial courts have broad discretion in deciding the terms of probation as long as the terms are "reasonably related to the rehabilitative and public safety goals of probation." *State v. Wardle*, 137 Idaho 808, 810, 53 P.3d 1227, 1229 (Ct. App. 2002). Whether the terms and conditions are reasonably related to the goals of probation is reviewed de novo. "The goal of probation is to foster the defendant's rehabilitation while protecting public safety." *Id.*

Gibbs' probation violations were consuming alcohol, driving under the influence of alcohol, refusing to submit to breath testing administered by the police, and refusing to submit to breath testing administered by his probation officer. At the disposition hearing, Gibbs' counsel asserted that the sex offender issues were in the past and not a consideration. The State disagreed. Gibbs' probation officer indicated that, Gibbs continued to offend, and his use of alcohol, a disinhibitor, "with a proven history of being a sex offender could open the door for other violations." The district court placed Gibbs in the retained jurisdiction program, during which he participated in sex offender risk assessment, resulting in a recommendation that Gibbs participate in sex offender treatment groups if granted probation.

During the review hearing, Gibbs' counsel again asserted that the sex offense issues were in the past and indicated that "we have some concerns about the necessity of him doing sex offender treatment." The district court granted probation and, in so doing, indicated that it would impose the same terms and conditions, but added that all recommendations from the addendum to the presentence investigation report and any recommendations from the probation officer be followed. The addendum included the recommendation to participate in sex offender treatment. Specifically commenting on sex offender treatment, the district court stated that "I'm going to leave it to the discretion of the probation officer . . . whatever they decide is what is going to

happen." The district court re-affirmed its reliance on the discretion of the probation department in regard to sex offender treatment in denying the motion to modify terms and conditions of his probation.

Gibbs claims that the recommendation for further treatment was based only on factors which do not directly correspond to his risk to re-offend. However, the recommendation was not solely based upon the results of one test assessment. The recommendation was made by experts after observing Gibbs' performance in the sex offender assessment program, conducting an interview with him, and considering risk based upon multiple assessments. In addition, while, laudably, Gibbs has refrained from sex-related crimes for many years, he continued to offend and exhibit disregard for authority, including use of disinhibitors. We cannot say that the district court abused its discretion or that the terms and conditions of probation are not reasonably related to the goals of probation.

Therefore, the district court's order denying Gibbs' motion to modify terms and conditions of his probation is affirmed.