FILED

August 13 2013

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 12-0480

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 224N

FORREST SCOTT SMART,

        Petitioner and Appellant,

    v.

STATE OF MONTANA,

        Respondent and Appellee.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 10-583
Honorable G. Todd Baugh, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Forrest Scott Smart, Self-Represented, Deer Lodge, Montana

        For Appellee:

        Timothy C. Fox, Montana Attorney General; Micheal S. Wellenstein, Assistant Attorney General, Helena, Montana

        Scott Twito, Yellowstone County Attorney; Ann-Marie McKittrick, Deputy County Attorney, Billings, Montana

Submitted on Briefs:  July 17, 2013
Decided:  August 13, 2013

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Appellant Forrest Smart (Smart) appeals the order of the Thirteenth Judicial District Court, Yellowstone County, that dismissed his petition for post-conviction relief. We affirm.

¶3    The State of Montana (State) charged Smart with five counts of sexual intercourse without consent; one count of felony intimidation; and one count of felony witness tampering on March 29, 2006. The victims in the sexual intercourse without consent and intimidation charges were two children, C.R. and C.M. The charged offenses occurred in 2002 through 2004.

¶4    Smart agreed to plead guilty to two counts of sexual intercourse without consent by way of an *Alford* plea agreement. The State agreed to recommend 20 years in Montana State Prison with 10 years suspended for each count. The parties agreed that Smart would be able to withdraw his plea if the District Court rejected the sentence recommendation and imposed a stricter sentence.

¶5    The District Court accepted the State's recommendation and sentenced Smart to 20 years in Montana State Prison with 10 years suspended on each count to run concurrently with each other. The District Court also imposed numerous conditions on the suspended portion of Smart's sentencing based upon the results of a psychosexual evaluation. The

evaluation revealed that Smart had two previous sex offense convictions. Smart objected to several conditions, including those that required him to undergo polygraph testing, a prohibition on drug and alcohol use and conditions that limited his ability to go to any place where adults and children may congregate. The District Court adopted the conditions over Smart's objections.

¶6 Smart appealed the District Court's sentence to this Court in 2008. Smart specifically opposed the imposition of the conditions that required polygraph testing and prohibited drug and alcohol use. This Court affirmed the polygraph testing, but reversed the drug and alcohol restrictions. *State v. Smart,* 2009 MT 1, 348 Mont. 274, 201 P.3d 123.

¶7 Smart filed a petition for post-conviction relief in 2010. Smart raised eleven separate claims. The District Court determined that Smart's petition lacked merit. The District Court determined that Smart had made "conclusory statements and illusory arguments, about being prejudiced by trial counsel and appellate counsel" without supporting evidence. The District Court further determined that Smart had not alleged any new evidence that raised questions about his plea or the legality of his sentence. Smart appeals.

¶8 Smart argues on appeal that his appellate counsel's failure to challenge his sentencing conditions that prohibited him from having unsupervised contact with children under 18 constituted ineffective assistance of counsel. Smart further argues that the District Court should have analyzed separately with legal authority each issue that he raised. We review a district court's denial of a petition for post-conviction relief based upon a procedural bar to determine whether the court correctly applied the law. *Sanchez v. State,* 2012 MT 191, ¶ 12,

3

366 Mont. 132, 285 P.3d 540. Ineffective assistance of counsel claims present mixed questions of law and fact, that we review de novo. *Miller v. State*, 2012 MT 131, ¶ 9, 365 Mont. 264, 280 P.3d 272.

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. It is manifest on the face of the briefs and the record before us that § 46-21-105(2), MCA, bars Smart's arguments concerning the District Court's sentencing conditions and that the District Court correctly applied the law.

¶10 Affirmed.

/S/ BRIAN MORRIS

We concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ JIM RICE