## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 43788

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Unpublished Opinion No. 552** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: May 26, 2016** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **DAVID MATHEW MASNER,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael J. Reardon, District Judge.

Order denying motion to terminate or modify the terms of probation, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before MELANSON, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

_____

PER CURIAM

David Mathew Masner pled guilty to felony driving under the influence. I.C. §§ 18-8004 and 18-8005(6).[1] The district court sentenced Masner to a unified term of ten years, with a minimum period of confinement of three years. However, the district court retained jurisdiction and sent Masner to participate in the rider program. Following successful completion of his rider, the district court suspended Masner's sentence and placed him on probation. Masner filed

_____

[1] Masner also pled guilty to and was sentenced for misdemeanor carrying a concealed weapon while under the influence. However, that conviction and sentence is not an issue on this appeal.

1

a motion to terminate or modify the terms of his probation, which the district court denied. Masner appeals.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).

A trial court is authorized to make probation subject to such terms and conditions as it deems necessary and expedient. I.C. § 19-26014(2). The goal of probation is to foster the defendant's rehabilitation while protecting public safety. *State v. Wardle*, 137 Idaho 808, 810, 53 P.3d 1227, 1229 (Ct. App. 2002). Although trial courts have broad discretion in the imposition of restrictive terms, the conditions of probation must be reasonably related to the rehabilitative and public safety goals of probation. *Id*. The reasonableness of the imposition of probation terms is a question of law over which appellate courts exercise free review. *Id*.

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, the district court's order denying Masner's motion to terminate or modify the terms of his probation is affirmed.