ORIGINAL

FILED

01/14/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0756

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## DA 24-0756

STATE OF MONTANA,

    Plaintiff and Appellee,

v.

FORREST SCOTT SMART,

    Defendant and Appellant.

FILED

JAN 1 4 2025

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Forrest Scott Smart has electronically filed a verified Petition for an Out-of-Time Appeal with the assistance of counsel who has since moved in the District Court to withdraw from Smart's representation. Smart includes a copy of the sentencing judgment.

On November 10, 2020, the Thirteenth Judicial District Court, Yellowstone County, held a revocation hearing. The District Court found that Smart had violated the terms and conditions of the probationary sentence, thereby revoking the original sentence imposed in 2007. The District Court sentenced Smart to the Montana State Prison for two, concurrent ten-year terms for his convictions of sexual intercourse without consent. The court imposed the requirement for Smart to complete Phase II of the sexual offender treatment program and awarded credit for almost four years of elapsed time, from April 15, 2016 to March 25, 2020.

In his Petition, Smart raises three issues: (1) due process and fundamental fairness; (2) actual innocence; and (3) attorney abandonment. Smart puts forth that he told his attorney at the revocation hearing to file an appeal and repeated the request for some time. He provides that he "did try filing *pro se* a notice and a motion before [the] district court Judge, but both have gone unanswered," due to M. R. App. P. 10(1)(c), the appellate rule

disallowing a party who is represented by counsel to file pleadings in this Court. Smart contends the District Court erred in imposing a sentence upon revocation because his Treatment Provider and Probation Officer did not agree about returning Smart to treatment or aftercare, as stated in Condition #38, as his Provider and the Officer never spoke to each other. He has attached a copy of the revocation hearing transcript. Smart offers several reasons why no basis existed for the revocation.

Smart does not explain whether he sought an appeal with this Court at the time he filed his notice and motion with the District Court. This Court observes that Smart could have filed a pleading on his own behalf with this Court at any time over the last four years. Smart has done so previously.[1] In March 2023, Smart represented himself and filed a Petition for Writ of Habeas Corpus, "claiming his incarceration is illegal because his sentence was improperly revoked by the District Court." *Smart v. Salmonsen*, No. OP 23-0172, Order (Mont. Mar. 28, 2023). We stated then:

> Smart did not avail himself of an appeal from his revocation, but attempts to challenge the revocation in this proceeding by arguing he did not violate his conditions, but he cannot properly pursue such relief. Smart is precluded from challenging his revocation and sentence through the remedy of habeas corpus under Montana law. Section 46-22-101(2), MCA. Smart cannot demonstrate a facially invalid sentence.

Order, at 1-2.

M. R. App. P. 4(6) allows this Court to grant an out-of-time appeal "[i]n the infrequent harsh case and under extraordinary circumstances amounting to a gross miscarriage of justice[.]" We conclude that Smart has not demonstrated extraordinary circumstances to warrant an out-of-time appeal and that denial of his Petition does not amount to a gross injustice. Accordingly,

---

[1] By way of example, in August 2012, he filed a notice of appeal for the District Court's denial of his petition for postconviction relief, which we later affirmed. *Smart v. State*, No. DA 12-0480, 2013 MT 224N, 2013 Mont. LEXIS 315 (Aug. 13, 2013).

IT IS ORDERED that Smart's Petition for an Out-of-Time Appeal is DENIED and DISMISSED.

The Clerk is directed to provide a copy of this Order to counsel of record and to Forrest Scott Smart personally.

DATED this 14th day of January, 2025.

_____
Chief Justice

_____

_____

_____

_____
Justices